No. 880 October 8, 2025 133

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. B.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

J. B.,
*Appellant.*

Crook County Circuit Court
24CC03932; A184888

Daina A. Vitolins, Judge.

Submitted September 10, 2025.

Liza Langford filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

In this civil commitment case, appellant seeks reversal of a judgment committing him to the Oregon Health Authority for a period not to exceed 180 days based on the trial court's determination that appellant has a mental disorder that causes him to be a danger to others. ORS 426.130; ORS 426.005(f)(A). Appellant assigns error to the trial court's finding that he was a danger to others due to a mental disorder. He argues that the state failed to meet its burden to show by clear and convincing evidence that his dangerous behavior was the result of a mental disorder, as opposed to being caused by kidney dysfunction. The state argues that it presented legally sufficient evidence to support the trial court's finding that appellant's mental disorder caused him to be a danger to others. We affirm.

Appellant does not request that we review his case *de novo*, and this is not an exceptional case that justifies such review. ORAP 5.40(8)(C) (providing that we will exercise discretion to review *de novo* "only in exceptional cases"). Therefore, "[w]e review whether the state presented sufficient evidence to support appellant's civil commitment for legal error and are bound by the trial court's factual findings that are supported by evidence in the record." *State v. C. M. C.*, 301 Or App 206, 207, 454 P3d 30 (2019).

A court may order that a person be involuntarily committed if, "based upon clear and convincing evidence," the court determines that the individual is "a person with mental illness" and is unwilling or unable to participate in voluntary treatment. ORS 426.130(1). "A person with mental illness" includes a person who, because of a mental disorder, is dangerous to others. ORS 426.005(1)(f)(A). A person is "dangerous to others" for purposes of ORS 426.005(1)(f)(A) if his "mental disorder makes [him] highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019).

Appellant does not dispute the finding that he had delusional thoughts that rendered him a danger to others. The state presented evidence that appellant had acted violently toward his wife and his grandfather over the course of

several days leading up to his hospitalization. We need not recount the details of his actions for purposes of this memorandum disposition. Appellant challenges only the causation element, asserting that the record does not contain clear and convincing evidence that his actions were the result of a mental disorder, as opposed to his kidney disease. "[I]t is not sufficient for the state merely to prove that a person has a mental disorder and that the person is dangerous to others[.] *** Rather, the state must prove a causal nexus between the mental disorder and" the basis for civil commitment. *State v. Gjerde*, 147 Or App 187, 192, 935 P2d 1224 (1997).

We have reviewed the record. The state presented medical evidence that attributed appellant's violent behavior to his delusional disorder and not to physical-medical causes. There was also evidence that medical causation had been ruled out, but that further examination, which appellant refused, had not been done so there could not be certainty regarding that conclusion.

Based on that testimony and the accompanying medical records, appellant argues that the evidence was not persuasive that his delusions were the result of mental illness, and asserts that the evidence was highly persuasive that his delusions were the result of cognitive impairment due to a worsening of his untreated kidney disease. We conclude that the record was sufficient to support the trial court's determination. Although Dr. Beoire, a treating psychiatrist, acknowledged the possibility that more testing could reveal additional information, he believed at the time that appellant's symptoms and dangerousness were the result of his mental disorder. This is not a situation where an alternate explanation for the behavior, unrelated to a mental disorder, is equally or more probable. *See, e.g.*, *State v. D. A. H.*, 241 Or App 391, 398, 250 P3d 423 (2011) (on *de novo* review, concluding record was insufficient to show that the individual's disorder caused the allegedly dangerous behavior when the psychiatrist did not explain how the individual's actions were linked to her mental disorder, and it was equally plausible that her behavior was the product of distressing circumstances in her personal life); *State v. Webber*, 181 Or App 229, 45 P3d 1046 (2002) (on *de novo* review,

concluding no clear and convincing evidence established that the individual was a danger to others *because* of his mental disorder when that inference was "equaled or outweighed" by the reasonable inference that the physical altercation that the individual was involved in was started by the other person, and no witness attributed the appellant's physical response to his mental disorder). The two experts both indicated that appellant's behavior was the result of his mental disorder, despite acknowledging the possibility that more medical information could change that conclusion. A lack of medical *certainty* does not render the record insufficient to support the trial court's conclusion that appellant was a danger to others as a result of his mental disorder.

Affirmed.